UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                              CASE NO.

**IVEY TURNER HALL**                                                **14-12406**
                                                                    SECTION A
DEBTOR                                                              CHAPTER 13

## REASONS FOR DECISION

This matter came before the Court on the Motion to Reconsider Order Confirming Absence of Automatic Stay or Alternatively Retroactive Relief[1] ("Motion to Reconsider") filed by Ivey Turner Hall ("Debtor") and the Opposition[2] thereto filed by Standard Mortgage Corporation ("Standard").    An initial hearing was held on January 13, 2015, at which time the Court requested briefs.  Federal Home Loan Mortgage Corporation ("Federal"), successor to Standard, timely filed its brief on January 30, 2015.[3]    Debtor filed a Motion for Additional Time to File Brief[4] which was heard on February 10, 2015, and denied.  The Court took the Motion to Reconsider under advisement.

### I.  Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 362.

---

[1] P-46.

[2] P-51.

[3] P-58.

[4] P-59.

## II.  Findings of Fact

On October 13, 2006, Debtor executed a promissory note and mortgage in favor of Standard. The collateral for the mortgage was 1720 Wellington Drive, Marrero, LA 70072, Debtor's principal residence ("the Property").

On June 8, 2012, Standard filed a Petition for Executory Process to foreclose on the Property, and an Order to seize and sell the Property by Sheriff's sale was entered on June 13, 2012.[5]  The record reflects service on Debtor by the Jefferson Parish Sheriff's Office on June 27, 2012, through domiciliary service on Monique Davis.

Standard purchased the Property at Sheriff's sale on January 16, 2013, for $1,991.00.[6]  On January 18, 2013, Standard transferred the Property to Federal for $26,277.71.[7]

On October 4 2013, Federal instituted an eviction proceeding against Debtor.  Debtor filed a Motion to Rescind and Annul Judicial Sale ("Motion to Rescind") for insufficient service of process,[8] which was denied by the state court on July 29, 2014.  Debtor filed a devolutive appeal of the Judgment denying the Motion to Rescind.[9]

---

[5] P-58, exh. B.  *Standard Mortgage Corp. v. Hall*, case no. 715-738, 24th Judicial District for the Parish of Jefferson.

[6] P-58, exh. E.  The deed was recorded in the Jefferson Parish conveyance records as Instrument Number 11307263 COB 3309 Page 478.

[7] P-58, exh. 6.  The Act of Cash Sale was recorded in the Jefferson Parish conveyance records as Instrument Number 11308004 COB 3309 Page 705.

[8] "Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment." La. C.C.P. 1234.  Debtor alleges that she does not know Monique Davis, and Monique Davis did not reside at Debtor's house. This issue is on appeal before the Fifth Circuit Court of Appeal for the State of Louisiana.

[9] *See* Tr. T. 1/13/15 p. 7.

2

The eviction hearing was scheduled for September 9, 2014, at 9:00 a.m.   Debtor filed a Voluntary Petition for Relief under chapter 13 of the Bankruptcy Code at 6:40 that morning, and the eviction hearing was cancelled.

Debtor listed the Property on Schedule A, noting that ownership was contested.[10]  The scheduled value of the Property is $125,000.00, and the secured claim is scheduled as $32,500.00. Debtor filed a Chapter 13 Plan[11] ("Plan") proposing to pay arrearages to Standard.  Standard and Federal objected to confirmation,[12] and the Plan has not been confirmed.[13]

Standard filed a Motion to Confirm the Absence of an Automatic Stay or Retroactive Relief from Automatic Stay and Ratification of Sheriff's Sale[14] ("Motion to Confirm Absence of Stay") and Federal filed an Amended Motion,[15] which were opposed by Debtor.[16]   Debtor failed to appear at the hearing on December 9, 2014, and the Court granted Standard's Motion to Confirm Absence of Stay.[17]   The Order confirming the absence of automatic stay also contained a provision that the

---

[10] P-10 and 28.

[11] P-11.

[12] P-23, 42.

[13] Confirmation was denied on February 4, 2015, due to Debtor's failure to serve the Order dated January 15, 2015, continuing the hearing.  P-62.  The Chapter 13 Trustee's Motion to Dismiss Case is scheduled for March 10, 2015.  P-63.

[14] P-25.

[15] P-41.

[16] P-40.

[17] P-44.

Sheriff's sale was valid.[18]  Debtor filed the instant Motion to Reconsider.[19]

The Court heard the Motion to Reconsider on January 13, 2015, and ordered that additional briefs regarding the automatic stay be filed no later than January 31, 2015.[20]  On January 21, 2015, the Court changed the deadline for submission of briefs to January 30, 2015.[21]  Federal timely filed its brief on January 30, 2015.[22]

On January 31, 2015, the original deadline for filing briefs, Debtor filed a Motion for Additional Time to File Brief, seeking an extension until February 10, 2015.[23]  On February 10, 2015, the Court held an expedited hearing on the Motion for Additional Time to File Brief, which still had not been filed.  The Court denied the Motion for Additional Time to File Brief and took the Motion for Reconsideration under advisement.

### III. Law and Analysis

The Bankruptcy Code and Rules do not provide for Motions for Reconsideration.  A Motion for Reconsideration filed no later than fourteen (14) days after entry of an order, as this one, is treated as a Motion for New Trial pursuant to Fed. R. Civ. Proc. 59, which is made applicable to this proceeding by Fed. R. Bankr. P. 9023.

---

[18] *Id.*

[19] P-46.

[20] P-54.

[21] P-56.

[22] P-58.

[23] P-59.

4

FRCP 59 provides that a court may grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  A court may:

> [O]pen the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

After hearing the Motion to Reconsider, the Court agreed to reconsider the issue and allowed additional briefs to be filed.[24]

## A.  Automatic Stay

The issue before the Court is whether the automatic stay applies to the Property.   In a case under chapter 13, property of the estate includes all interests of the debtor in property as of the petition date as well as property acquired by or earned by the debtor postpetition.[25]  The filing of a bankruptcy petition automatically stays "any act to obtain possession of property of the estate or of property of the estate or of property from the estate or to exercise control over property of the estate."[26]  "[T]he stay of an act against property of the estate ... continues until such property is no longer property of the estate."[27]

In a case under chapter 13, "[e]xcept as otherwise provided in the plan or the order

---

[24] Debtor did not timely file a brief, and her request for additional time was denied after hearing.

[25] 11 U.S.C. §§ 541 and 1306.

[26] 11 U.S.C. § 362(a)(3).

[27] 11 U.S.C. § 362(c)(1).

confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."[28]

Debtor's Plan has not been confirmed.  Therefore, property of the estate has not vested in Debtor,

and the automatic stay remains in effect as to all property of Debtor's estate until the earliest of:

> (A) the time the case is closed;
> (B) the time the case is dismissed; or
> (C) ... the time a discharge is granted or denied.[29]

The Property was sold at Sheriff's sale over one year prior to Debtor filing for bankruptcy

relief. The Property was transferred and Debtor's Motion to Rescind the sale was filed in state court.

Debtor filed a devolutive, rather than a suspensive, appeal.  Property in which a debtor no longer has

an interest at the time the bankruptcy is filed is not property of the estate.

Debtor claims that the automatic stay should apply to the Property because if Debtor is

successful on appeal, the Property will be property of  the estate.

Property is immediately transferred at the time of a Sheriff's sale.[30]  Any rights of Debtor in

the Property were terminated at the time of the sale.[31]  Because Debtor took a devolutive, rather than

a suspensive, appeal, the effect of the sale was not suspended pending the appeal.[32]

Because Debtor had no interest in the Property on the petition date, and did not acquire an

interest post-petition, it is not property of the estate.   Therefore, the automatic stay does not apply

---

[28] 11 U.S.C. § 1327(b).

[29] 11 U.S.C. § 362(c)(2)

[30] La. C.C.P. 2342 and 2371.   The Sheriff passes an act of sale fifteen (15) days after the adjudication at Sheriff's sale, but the law is clear that the adjudication at Sheriff's sale transfers the property.  The act of sale affords proof of the transfer.

[31] *Wells Fargo Bank Minnesota, N.A. v. Foret*, 894 So.2d 492, 496, 2004-0566 (La.App. 4 Cir. 1/19/05).

[32] La. C.C.P. art. 2087.

to the Property.   Because the Property is not property of the estate, Debtor's only remedies are in state court, such as filing a notice of *lis pendens*.[33]

**B.  Sheriff's Sale**

The Court's Order dated December 16, 2014, contained a provision that the Sheriff's sale was valid.   This provision was included in error as the validity of the sale is pending on appeal in state court.

**IV.  Conclusion**

After   reconsidering  its  Order  dated   December 16, 2014, confirming the absence of automatic stay, the Court will enter a separate Order confirming the absence of the automatic stay as to the Property.   The Court will not rule as to the validity of the Sheriff's sale.

New Orleans, Louisiana, February 24, 2015.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[33] La. C.C.P. art. 3751 *et seq*.

7